SNEED, J.,
delivered the opinion of the court.
This bill was filed to redeem a town lot sold under a deed of trust and for an account of rents, under the facts following. In June, 1865, the complainant, Edward F. Bumpass, held a town lot in the town of Paris under a purchase and title bond, upon which there was a livery stable. He permitted defendants then to take possession thereof as tenants, under an agreement that they were to do certain repairs, which were to come out of the rents. Some repairing was done accordingly in 1865, but no rate of rent was fixed, and no settlement had for the repairs. In January, 1866, the defendants were notified that they would thereafter have to pay rent. There was no definite term agreed upon, but the defendants were tenants at will. The complainant, Edward F. Bn-mpass, had long prior to this time conveyed the property in trust, and the trustee sold it', March, 1866, when the defendants became the purchasers at the price of $665, which was paid,-and the trustee’s deed executed to them. In the meantime it seems that the complainant, Washington Bumpass had paid to Edward’s vendor, the balance of purchase money due on the original purchase and taken a deed, and to him the complainant, Edward F. Bumpass, transferred bis equity of redemption under the trust sale. On the 5th of March, 1868, a few. hours before the time allowed for redemption expired, Edward F. Bumpass approached the defendants with a thousand dollars and *544 offered to redeem the lot, coupling his offer with the condition that a deduction from the purchase money should be made for the accrued rents, and demanding $400 per annum for the rent of the property. The defendants avowed their willingness to allow the redemption and the deduction of a reasonable and just rent, but objected to the demand of $400 per annum as excessive and exorbitant, and upon that ground declined the proposition. The complainants, Edward F. and Washington Bumpass, thereupon brought this bilL to enforce the redemption upon the ground of said tender and refusal, and also to have an account of the rents. The bill does not aver a tender of the money with the bill. There was no demurrer, but the defendants answered and the' cause was heard upon bill, answer and proof, and resulted in a decree by the Chancellor dismissing the bill, from which complainants appealed.
We do not think that the tender was a good one. The right of redemption, say this court, is one of strict law, and if the law be not complied with, nothing is acquired and the estate . remains with the purchaser. Farnsworth v. Howard, 1 Col., 215. The person proposing to redeem, says the statute, shall always pay or tender to the holder of the land the amount of money lawfully paid by him, with interest. Code, sec. 2131. The debtor or mortgagor whose land is sold has in this statute a plain and simple formula easily comprehended, and .which admits of no conditions or modifications to be imposed by him, or exacted by the purchaser. The simple payment or *545 tender of the purchase price, with interest and lawful charges, creates the right. This is all the debtor can or ought to do to vest his right, and no other condition than this can be imposed upon the purchaser. There was no contract between these parties as to the amount of rent to be paid, and the debtor had no right to dictate his terms as to the redemption, and we hold that the rights of the defendants under the purchase were in no wise shaken by the transaction.
It is insisted in argument that the relation of landlord and tenant existing between Edward F. Bum pass and the defendants forbade the purchase by them at the trust sale, upon the principle that the tenant cannot disparage his landlord’s title or reap advantage by the possession thus obtained. The doctrine is certainly a sound one, but it can have no application to this case. Here there was a tenure at sufferance under a landlord who held only an equitable title, and this equitable title he had conveyed in trust. The defendants surely acquired no advantage in the transaction by virtue of their relation, but stood, in reference to the trust sale, as any other stranger, and had a like right to become bidder at the sale. They did not place themselves in antagonism to the landlord’s right, or reap any benefit from their relation to their landlord, for he had parted with his equity and they had their option either- to submit to a change of landlords by the sale, or to become the owner of the landlord’s equity themselves. There is one view of this case, however, in which we cannot concur with the Chancellor. The bill ;s filed for - the *546 of enforcing the equity of redemption and of having an account of rents against the defendants, and there is no demurrer. The proof shows mutual accounts between the parties, and there can be no reason why they should be driven to another litigation for a settlement of these matters of account. The bill should have been retained for this purpose, and in this respect we reverse the decree, but in all others affirm it.
The cause will be remanded for further proceedings. The costs of this court will be paid by complainants, and the costs below as the Chancellor may adjudge.